

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

July 18, 2024

**VIA CM/ECF**

      Re:    *Under the Weather, LLC v. United States*
                Court No. 21-00211

Dear Counsel:

      Oral argument in this action is scheduled for July 25, 2024, at 1:00pm ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference.  In preparation for oral argument, the court would like counsel to be prepared to address the issues noted below.  As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question.  To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing.  Any counsel who intends to participate virtually via video conference is instructed to inform the case manager, Lewis Hugh, and is further instructed to test their Internet connection, audio performance and video performance prior to joining the oral argument.  If counsel experiences any difficulties during the test, the court instructs counsel to connect to the oral argument through the provided telephone dial-in.  In this case, counsel may also choose to connect with their computer camera but must speak through the telephone.  Finally, counsel is instructed to turn their camera on and to remain visible to the court throughout the duration of the oral argument.

      Please be advised that the use of personal devices with screens is prohibited in the courtroom during the duration of the oral argument.

      For the oral argument, the court would like parties to focus primarily on the following issues:

I.   **Interpretation of 19 U.S.C. § 1625**

   A.   Plaintiff argues that "the universe of items that must be published prior to issuance per § 1625(a) must differ in some way from the universe of items subject to notice and comment proceedings . . . per § 1625(c)." Pl. Br. at 4.

   - Please explain the reasons that Congress wanted the notice and comment requirement of § 1625(c) to be applied to decisions that were not subject to the public inspection requirement of § 1625(a).

   B.   The Federal Circuit has held that "decision" in § 1625(c) "includes a 'protest review decision.'" *Cal. Indus. Prods., Inc. v. United States*, 436 F.3d 1341, 1351 (Fed. Cir. 2006); *see also Int'l Custom Prods., Inc. v. United States*, 748 F.3d 1182, 1188 (Fed. Cir. 2014). This Court has stated that a "'decision' [under § 1625(c)] may be, but is not limited to, a protest review decision." *Am. Fiber & Finishing, Inc. v. United States*, 39 CIT __, __, 121 F. Supp. 3d 1273, 1279 (2015); *see also Kahrs Int'l, Inc. v. United States*, 33 CIT 1316, 1353, 645 F. Supp. 2d 1251, 1285 (2009).

   - Please address whether these decisions support plaintiff's position that subsection (c) has a broader application than subsection (a).

   C.   Parties disagree as to the scope of 19 U.S.C. § 1625(c) relative to § 1625(a). However, parties agree that a determination may qualify for the procedural protections of § 1625(c) if that determination (1) was the result of "considered deliberations," (2) "interpret[ed] and appl[ied] the provisions of the Customs laws . . . to a specific set of facts" and (3) "is applicable to other entries of identical merchandise."

   - Please provide the reasons that the court is required to address parties' disagreement as to the scope of § 1625(c) to resolve this case.

II.   **Whether the approval of the '919 Protest was a "prior interpretive ruling or decision"**

   A.   The legislative history of the 1978 Act indicates that Congress understood that Regulations and Rulings ("R&R") would be responsible for issuing the listed exemplars in § 1625. *See* S. Rep. No. 95-778, at 21 ("The Customs Service Office of Regulations and Rulings in Washington issues notices, letters, rulings, and written advice to customs officers and importers."); *see also* H.R. Rep. 96-621, at 19. The 1993 amendments retained the same list of exemplar interpretive rulings and decisions. Under Customs' regulations,

2

only R&R can issue each of the exemplar interpretive rulings or decisions. *See* 19 C.F.R. § 177.1(d)(1) (ruling letters); *id.* § 177.11(a) (internal advice memoranda); *id.* § 177.2(b)(2)(ii)(B) (protest review decisions).

- Please address the reasons that the legislative history supports — or does not support — defendant's position that a given Customs determination is subject to § 1625(c) only if the Headquarters Office — i.e., R&R — is involved in the decision-making.

B. Defendant argues that plaintiff's position would "make every protest determination subject to § 1625(c)(1)." Def. Reply Br. at 5. Plaintiff denies this assertion and responds: "Even other protest decisions regarding classification of merchandise will not necessarily fall within the ambit of § 1625(c)." Pl. Br. at 21.

- If the approval of the '919 Protest falls under § 1625(c), please describe a Customs decision "regarding the classification of merchandise" that would not "fall within the ambit of § 1625(c)."

C. The Federal Circuit and this Court have considered whether a Customs determination would be applied prospectively in determining whether § 1625(c) applies. *See Int'l Custom Prods., Inc.*, 748 F.3d at 1187 (holding that a Notice of Action was subject to § 1625(c) in part because it applied to all pending and future entries and was not an entry specific document); *Kahrs*, 33 CIT at 1353, 645 F. Supp. 2d at 1285 (holding that two protest denials were not subject to § 1625(c) in part because they did not include future classification directives). Pl. Br. at 10. The approval of the '919 Protest lacked a classification directive. However, plaintiff maintains that the approval was inherently applicable to future entries.

- Please explain the reasons that plaintiff's position on this point is — or is not — consistent with *International Custom Products* and *Kahrs*.

D. "If a determination . . . 'interprets and applies the provisions of the Customs and related laws to a specific set of facts,' . . . then it may be an interpretive ruling or decision and thereby may trigger 19 U.S.C. § 1625 notice and comment requirements." *Am. Fiber & Finishing, Inc.*, 39 CIT at __, 121 F. Supp. 3d at 1280 (quoting 19 C.F.R. § 177.1(d)(1)). Defendant contends that decisions subject to § 1625 are required to "bear indicia" of interpretation "on their face." Def. Reply Br. at 8 (citing *S. Shrimp All. v. United States*, 33 CIT 560, 584, 617 F. Supp. 2d 1472, 1356 (2009)). Plaintiff asserts that defendant's position would exclude from the purview of

3

§ 1625(c) every Customs classification approval that was not the result of an application for further review.  Pl. Br. 17.

- Please explain the reasons that defendant's position, which would exclude from the reach of § 1625(c) all Center-level protest approvals, is — or is not — supported by the statute and previous decisions of the Federal Circuit and this Court.

E.  The Senate report supporting the Customs Modernization Act stated: "[I]mporters have a right to be informed about customs rules and regulations, as well as interpretive rulings, and to expect certainty that the Customs Service will not unilaterally change the rules without providing importers proper notice and an opportunity for comment."  S. Rep. No. 103-189, at 64 (1993); *see also Am. Fiber & Finishing, Inc.*, 39 CIT at __, 121 F. Supp. 3d at 1280 (stating that § 1625(c) applies if a decision "has the effect of 'unilaterally chang[ing] the rules' upon which importers have come to rely").

- Please address the reasons that importers are entitled to rely on a Center-level protest approval such that Customs may not subsequently reach a different conclusion as to identical merchandise without providing notice and comment procedures.

Parties may raise other issues that they consider to be of highest importance. Thank you for your assistance and cooperation.

Sincerely,

/s/ Timothy M. Reif

_____

Timothy M. Reif, Judge