**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. TIMOTHY M. REIF, JUDGE**

| |
|---|
| **UNDER THE WEATHER, LLC,** |
| **Plaintiff,** |
| **v.** |
| **UNITED STATES,** |
| **Defendant.** |

**Court No.    21-00211**

## ORDER

Upon reviewing Plaintiff's Motion for Leave to File a First Amended Complaint, and upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that the Plaintiff's motion is GRANTED; it is further

**ORDERED** that Plaintiff's First Amended Complaint shall be deemed filed and made a part of the record of this case, and shall relate back to the date of the filing of the original complaint; and it is further

**ORDERED** that Defendant the United States shall file its answer to Plaintiff's First Amended Complaint within such time as prescribed by law.

_____
Judge

Dated: _____
    New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. TIMOTHY M. REIF, JUDGE**

|  |  |
|---|---|
| **UNDER THE WEATHER, LLC,** | **Court No.    21-00211** |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant.** | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

/s/ Heather Jacobson

Heather Jacobson
Alena Eckhardt

NAKACHI ECKHARDT & JACOBSON, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com
           alena@tradelawcounsel.com

*Counsel for Plaintiff Under the Weather, LLC.*

Dated: January 30, 2025

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

STANDARD OF REVIEW ..................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

    I.    Plaintiff's Motion Is Timely and Its Proposed Amendment Will Not Cause Defendant Any Prejudice Because It Involves the Same Transactions, Defendant Had Fair Notice on Plaintiff's Claim, and the Procedural Posture of the Case Favors the Amendment ................... 4

    II.    The Proposed Amendment Is Not Futile Because COUNT II Sufficiently Alleges a Treatment Was Previously Accorded to Plaintiff's Subject Merchandise, and Customs Did Not Follow Mandatory Procedures When It Sought to Revoke Such Treatment ............................. 7

    III.   There Is No Support in the Record for the Remaining *Foman* Factors Since This Is Plaintiff's First Attempt at Amending Its Pleading ................................................................. 11

    IV.   The Proposed Amendment Relates Back to the Original Complaint Because the Claims Asserted Therein Arise Out of the Same Customs Tariff Classification Decision Involving the Same Entries Made by Plaintiff ................................................................................................. 12

CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*A & D Auto Sales, Inc. v. United States*,
748 F.3d 1142 (Fed. Cir. 2014)......................................................................... 6, 11

*Arlanxeo USA LLC v. United States*,
337 F. Supp. 3d 1350 (Ct. Int'l Trade 2018) ............................................................ 3

*Baldwin County Welcome Ctr. v. Brown*,
466 U.S. 147 (1984) .................................................................................................. 12

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................................. 11

*Conley v. Gibson*,
355 U.S. 41 (1957)..................................................................................................... 12

*Cuffy v. Getty Ref. & Mktg. Co.*,
648 F. Supp. 802 (D.Del.1986)................................................................................... 4

*Dooley v. United Technologies Corp.*,
152 F.R.D. 419 (D.D.C.1993)..................................................................................... 4

*Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.*,
804 F.2d 787 (2nd Cir.1986)........................................................................................ 6

*Foman v. Davis*,
371 U.S. 178 (1962)................................................................................................ 3, 11

*Ford Motor Co. v. United States*,
896 F. Supp. 1224 (Ct. Int'l Trade 1995) ....................................................... 3, 4, 5, 6

*Foremost-McKesson Inc. v. Islamic Republic of Iran*,
759 F. Supp. 855 (D.D.C. 1991)................................................................................. 5

*Griffin v. School Board*,
377 U.S. 218 (1964).................................................................................................... 4

*Gutierrez v. Vergari*,
499 F. Supp. 1040 (S.D.N.Y. 1980)......................................................................... 11

*Intrepid v. Pollock*,
907 F.2d 1125 (Fed. Cir. 1990).................................................................................. 3

ii

*Kent International, Inc. v. United States*,
   628 F.Supp.3d 1294 (Ct. Int'l Trade 2023) ................................................................ 8

*SEC v. Rapp*,
   304 F.2d 786 (2nd Cir. 1962)...................................................................................... 6

*United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*,
   889 F.2d 1248 (2nd Cir. 1989)................................................................................... 7

*United States v. Greenlight Organic, Inc.*,
   419 F. Supp. 3d 1298 (Ct. Int'l Trade 2019) ........................................................... 11

*United States v. Ho,*
   582 F. Supp. 3d 1325 (Ct. Int'l Trade 2022) ........................................................... 11

*United States v. Hudson*,
   152 F.R.D. 6 (D.Conn.1993)....................................................................................... 7

*United States v. Mexico Feed & Seed Co.*,
   980 F.2d 478 (8th Cir.1992) ....................................................................................... 4

**Statutes**

10 U.S.C. § 1625(c) .......................................................................................... 5, 6, 7, 12

19 U.S.C. § 1625(c)(1).............................................................................................. 1, 2

19 U.S.C. § 1625(c)(2)............................................................................................ passim

19 U.S.C. § 4317...................................................................................................... 10

HTSUS Subheading 6306.22.1000 ............................................................................ passim

HTSUS Subheading 6306.22.9030 ............................................................................ passim

**Regulations**

19 C.F.R. § 101.1 ....................................................................................................... 10

19 C.F.R. § 174.26(b)(1)............................................................................................ 10

19 C.F.R. § 174.29 .................................................................................................... 10

19 C.F.R. § 177.12(c)............................................................................................... 2, 7, 8

19 C.F.R. § 177.12(c)(1)(i)(A).................................................................................... 8

19 C.F.R. § 177.12(c)(1)(i)(B).................................................................................. 8, 10

19 C.F.R. § 177.12(c)(1)(i)(C) .................................................................................. 8, 10

19 C.F.R. § 177.12(c)(1)(ii) ..................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 15(a)(2) ................................................................ 3

USCIT Rule 1 ........................................................................................................... 3

USCIT Rule 12(b)(6) ............................................................................................... 2

USCIT Rule 15(a)(2) ....................................................................................... 1, 3, 4

USCIT Rule 15(c) .................................................................................................. 12

USCIT Rule 15(c)(1)(B) ................................................................................... 12, 13

**Other Authorities**

3 James W. Moore, *Moore's Federal Practice,*
    ¶ 15.08[4] (2nd ed. 1995 & Supp.1994-95) ..................................................... 4

*Announcement of Test Providing Centralized Decision-Making Authority for Four CBP Centers of Excellence and Expertise,*
    77 Fed. Reg. 52,048 (Aug. 28, 2012) ............................................................. 10

*Assistant Commissioner of Customs, Office of Regulations and Rulings, et al.: Performance of Functions,*
    34 Fed. Reg. 8,208 (May 27, 1969) ................................................................ 10

HQ 961995 (Oct. 25, 1999) ................................................................................ 9, 11

HQ H311492 (Oct. 30, 2020) ................................................................................. 2

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| UNDER THE WEATHER, LLC, | |
| Plaintiff, | Court No.    21-00211 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff Under the Weather, LLC ("Plaintiff" or "UTW"), by and through its undersigned counsel, hereby moves to amend its complaint filed on June 23, 2023, ECF No. 17. For the reasons set forth in this brief, Plaintiff respectfully requests that the Court grant its Motion, allowing it to file a First Amended Complaint.  A copy of the proposed First Amended Complaint is attached to the Motion as Exhibit A; a redline showing the differences between the Complaint and the proposed First Amended Complaint is attached as Exhibit B.

**INTRODUCTION**

Plaintiff filed the instant case to challenge U.S. Customs and Border Protection's ("Customs") decision to reclassify, under subheading 6306.22.9030, Harmonized Tariff Schedule of the United States ("HTSUS"), at the 8.8 % rate of duty, certain pop-up backpacking tents imported by Plaintiff and classified at entry under subheading 6306.22.1000, HTSUS, duty free. Pl.'s Compl. ("Compl.") ¶¶ 30-35.  Plaintiff's complaint included an alternative count, COUNT II, arguing that Customs' decision was also prohibited by 19 U.S.C. § 1625(c)(1).  Compl. ¶¶ 36-41.  In support, Plaintiff asserted that Customs' reclassification decision effectively revoked a prior

classification decision issued by the agency with regards to identical merchandise, without following the notice and comment requirements of 19 U.S.C. § 1625(c), thereby violating 19 U.S.C. § 1625(c)(1).  *Id.*

On September 21, 2023, Defendant United States ("Defendant" or "Government")  moved the Court to dismiss Count II of Plaintiff's complaint pursuant to USCIT Rule 12(b)(6).  Def.'s Mot. to Dismiss ("MTD") at 6, ECF No. 22.  On July 25, 2024, the court held oral argument, Oral Arg. Tr., ECF No. 31, and on September 5, 2024, it granted Defendant's MTD and dismissed Plaintiff's COUNT II.  *See Under the Weather, LLC v. United States,* 728 F. Supp. 3d 1337, ECF No. 32 (Ct. Int'l Trade 2024).

This Motion seeks to amend Plaintiff's original complaint by including a new **COUNT II** – where Plaintiff asserts that Customs' reclassification decision violated 19 U.S.C. § 1625(c)(2).[1] Specifically, the proposed amendment state that the Customs HQ H311492 ruling, issued on October 30, 2020 ("HQ H311492"), where the agency held that Plaintiff's merchandise covered by this action was properly classified under subheading 6306.22.9030, HTSUS, had the effect of modifying a "treatment," as defined under 19 C.F.R. § 177.12(c), which was previously accorded by Customs to substantially identical transactions.  The asserted treatment consists of Customs' classification of such substantially identical transactions under a different tariff provision: subheading 6306.22.1000, HTSUS.  Because the issuance of HQ H311492 was done without following the notice and comment requirements set out in 19 U.S.C. § 1625(c)(2), HQ H311492 was contrary to law and cannot produce legal effects, and must be set aside by this Court; thereby supporting classification of the subject merchandise under subheading 6306.22.1000, HTSUS.

---

[1] The amendment also corrects two (2) inadvertent errors, which were identified in original paragraph 25 (amended paragraph 29) while drafting the proposed amendment, as follows: replacing "Protest 2704-19-**102919**" with "Protest 2704-19-**107436**."  This error appeared in two (2) different instances in the indicated paragraph.

2

On January 30, 2025, Plaintiff's counsel emailed Defendant's counsel seeking consent to file the amended complaint. Defendant's counsel declined to provide their consent, necessitating the Plaintiff's current application to the Court for leave to file the amended complaint.

## **STANDARD OF REVIEW**

Motions to amend a pleading more than 21 days after it has been served are governed by USCIT Rule 15(a)(2), which provides that the amendment may take place "only with the opposing party's written consent or the court's leave;" the rule further states that "leave shall be freely given when justice so requires." USCIT R. 15(a)(2). This Court has described the USCIT Rule 15 standard as "equitable and lenient." *Arlanxeo USA LLC v. United States*, 42 CIT __, __, 337 F. Supp. 3d 1350, 1356 (Ct. Int'l Trade 2018). The USCIT rules themselves provide that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT R. 1.

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court of the United States held that the mandate provided in Rule 15(a)(2)[2] "is to be heeded." *Foman,* 371 U.S. at 182. In applying *Foman*, this Court found that a motion to amend based on the same transaction or occurrence as the original complaint is typically granted absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *See Ford Motor Co. v. United States*, 19 CIT 946, 955-56, 896 F. Supp. 1224 (Ct. Int'l Trade 1995) (finding no prejudice where the amendment was based on the same

---

[2] Acknowledging that USCIT Rule 15(a)(2) is identical to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") adopted the U.S. Supreme Court's view on the Rule 15 standard. *See, e.g., Intrepid v. Pollock*, 907 F.2d 1125, 1128 (Fed. Cir. 1990) (quoting *Foman,* 371 U.S. at 182).

3

transactions or occurrences or events as the original complaint); *see also Griffin v. School Board*, 377 U.S. 218, 227 (1964).

## ARGUMENT

The criteria laid out in *Foman* – undue delay, undue prejudice to the opposing party, futility of the amendment, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendments – provide the framework for the Court's examination of Plaintiff's Motion.  Plaintiff demonstrates that none of these concerns are applicable to the proposed amendment.

I.   **Plaintiff's Motion Is Timely and Its Proposed Amendment Will Not Cause Defendant Any Prejudice Because It Involves the Same Transactions, Defendant Had Fair Notice on Plaintiff's Claim, and the Procedural Posture of the Case Favors the Amendment**

It is generally accepted that, in the context of a Rule 15(a)(2) motion, delay becomes undue when it prejudices the opposing party.  *See Ford,* 896 F. Supp. at 1231 (quoting *United States v. Mexico Feed & Seed Co.*, 980 F.2d 478, 485 (8th Cir.1992) ("A district court may ... in its discretion, allow amendments to pleadings even after unexcusable delay if there is no prejudice to the other party.") (citations omitted) (emphasis added); *Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C.1993) ("[A] motion to amend a pleading ... may be denied if the delay causes undue prejudice to the opposing party.") (citation omitted); 3 James W. Moore, *Moore's Federal Practice* ¶ 15.08[4] at 15-76 n. 12 (2nd ed. 1995 & Supp.1994-95) (summarizing cases finding that delay alone, regardless of its length, is not enough to bar amendment if the other party is not prejudiced).  Accordingly, the undue delay and prejudice criteria must be analyzed together.

"To show prejudice, [a party] must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." *Ford,* 896 F. Supp. at 1231-1232 (citing *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802, 806 (D.Del.1986) (citation omitted) (quoted in *1232 *Foremost-McKesson Inc. v. Islamic*

4

*Republic of Iran*, 759 F. Supp. 855, 858 (D.D.C. 1991)).  Here, Defendant will not be prejudiced by the amendment sought in this Motion for at least three reasons.

First, Defendant will not be prejudiced by the proposed amendment because it is based on the same transactions and events as the original complaint – namely, Customs' classification of Plaintiff's subject merchandise under subheading 6306.22.9030, HTSUS, rather than subheading 6306.22.1000 (as declared by Plaintiff upon entry); involving the *same* entries covered by the original complaint.  In fact, the proposed amendment is alleged *in the alternative* to Plaintiff's original COUNT I – which is the main cause of action in this case and which Plaintiff does not seek to modify – and it seeks the same relief as the original complaint.  *See Ford,* 896 F. Supp. at 1233 (noting that the proposed amendment in that case simply delineated "an alternative legal theory" upon which Plaintiff sought to prove its original allegation that the tariff classification imposed by Customs was contrary to law).

Second, Plaintiff's original complaint (ECF No. 17) included a COUNT II where Plaintiff challenged Customs' failure to follow the same notice and comment procedure mandated by 19 U.S.C. § 1625(c) – only that this original COUNT II was based on the first prong encompassed by section 1625(c), which involves the analysis of different legal constructs (namely, "prior interpretive ruling or decision," rather than "treatment").[3]  Indeed, in its Reply in Support of Its Partial Motion to Dismiss Plaintiff's Complaint, where Defendant sought (and ultimately obtained) dismissal of Plaintiff's original COUNT II, Defendant itself distinguished between the two (2) prongs available under section 1625(c).  Def.'s Reply Supp. Mot. to Dismiss ("Def. Reply Br.") at 5, note 1, ECF No. 24.  Accordingly, the Court's dismissal of Plaintiff's original COUNT II has

---

[3] In fact, Customs has been aware of Plaintiff's section 1625(c) challenge since its filing of protest 2704-20-127807, on May 19, 2020; as to Plaintiff's main classification claim, UTW raised it in its responses to Customs' September 5, 2018, Notice of Action (which was ultimately invalidated through the agency's approval of protest 2704-19-102919).

5

no bearing on the amendment sought herein.  Instead, through its original COUNT II, Plaintiff provided Defendant with reasonable notice as to the claims now raised under Plaintiff's proposed COUNT II – namely that Customs' classification of the subject merchandise was carried out without observing the requisite notice and comment procedures set out in section 1625(c).[4]  *See Ford,* 896 F. Supp. at 1232; *see also Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.,* 804 F.2d 787, 795 (2nd Cir.1986) ("A party cannot claim unfair surprise when it has been provided with notice of the subject of the amendment to a complaint, by discovery or documents, well in advance of the actual amendment.") (citing *SEC v. Rapp*, 304 F.2d 786, 790 (2nd Cir. 1962)).

Third, the procedural posture of the case supports granting Plaintiff's Motion.  Unlike *Ford*, where the *granted* motion for leave to amend plaintiff's complaint[5] was filed after discovery was completed, in the instant case fact discovery is underway, with the current deadline for its completion being April 21, 2025.  Scheduling Order ¶ 2, ECF No. 37.  In fact, the parties are currently in the initial phases of the discovery process – the Government propounded its first round of discovery requests on December 28, 2024, with Plaintiff's responses due on March 1, 2025, and Plaintiff has just submitted its own initial set of discovery requests.  Moreover, the Court's decision in *Ford* is also instructive, should the Government oppose Plaintiff's motion on the grounds that adjudicating the proposed COUNT II would require additional discovery.  *See Ford,* 896 F. Supp. at 1232 (quoting *United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank & Trust*

---

[4] Plaintiff first raised its 1625(c)(2) "treatment" claim during the oral argument held by the Court on July 25, 2024 in deciding Defendant's Partial Motion to Dismiss Plaintiff's Complaint. The Federal Circuit has held that, where "plaintiffs have failed to properly allege economic loss, but at oral argument in this court they disputed the government's assertion that the franchises were valueless and made clear that they intended to establish loss of value," the "appropriate remedy is to grant leave to amend."  *See A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158–59 (Fed. Cir. 2014).

[5] Also, unlike *Ford*, where the plaintiff sought a second amendment to their complaint, this case involves Plaintiff's *first* request to amend.

*Co. of Chicago*, 889 F.2d 1248, 1255 (2nd Cir. 1989) (expressing the Court's willingness to reopen discovery, should the parties desire, to elicit further evidence on the new claim Ford sought to added and holding that "the prospect of potential discovery difficulties . . . is sufficient to demonstrate actual prejudice militating against Ford's motion to amend"); *see also United States v. Hudson*, 152 F.R.D. 6, 8 (D.Conn.1993). ("[T]he so-called prejudice of which the defendants complain appears to reflect no more than the general difficulties facing all parties in the course of protracted litigation.").  Hence, Defendant will have ample time to present facts and evidence related to Plaintiff's proposed amendment.

Accordingly, because Defendant will not be prejudiced by Plaintiff's proposed amendment, there is no undue delay in bringing Plaintiff's Motion.

**II.      The Proposed Amendment Is Not Futile Because COUNT II Sufficiently Alleges a Treatment Was Previously Accorded to Plaintiff's Subject Merchandise, and Customs Did Not Follow Mandatory Procedures When It Sought to Revoke Such Treatment**

Plaintiff's current complaint challenges Customs' classification of the subject merchandise.  In particular, Plaintiff argues that the classification of the subject merchandise under subheading 6306.22.9030, HTSUS, is incorrect, and that subheading 6306.22.1000, HTSUS, is the proper classification.  The proposed amendment sufficiently pleads an additional ground to support Plaintiff's allegation, as it claims Customs failed to follow the notice and comment procedure under 19 U.S.C. § 1625(c) when revoking a "treatment" previously accorded not only to Plaintiff's own subject merchandise, but also to substantially identical merchandise, in accordance with 19 C.F.R. § 177.12(c).

19 U.S.C. § 1625(c)(2) provides that a proposed interpretive ruling or decision which would have the effect of modifying the treatment previously accorded by Customs to substantially identical transactions must be published in the Customs Bulletin and comments accepted for 30

days after publication, followed by publication of a final ruling or decision; that final ruling or decision does not become effective until 60 days after the date of its publication.

While section 1625(c)(2) does not define what gives rise to "a treatment previously accorded by [Customs] to substantially identical transactions," this Court has explained that the implementing regulation, 19 C.F.R. § 177.12(c), provides a three-pronged test in this regard, which requires evidence sufficient to establish the following: (1) there was an actual determination by a Customs officer regarding the facts and issues involved in the claimed treatment; (2) the Customs officer making the actual determination was responsible for the subject matter on which the determination was made; and (3) over a 2-year period immediately preceding the claim of treatment, Customs consistently applied that determination on a national basis as reflected in liquidations of entries or reconciliations or other Customs actions with respect to all or substantially all of that person's Customs transactions involving materially identical facts and issues. *See Kent International, Inc. v. United States*, 628 F.Supp.3d 1294, 1300 (Ct. Int'l Trade 2023).

In support of its proposed COUNT II, Plaintiff asserts the following: (1) there have been actual determinations by Customs, classifying under subheading 6306.22.1000, HTSUS, both Plaintiff's subject merchandise, as well as substantially identical merchandise, as required under 19 C.F.R. § 177.12(c)(1)(i)(A); (2) the respective Customs officers making such classification determinations were responsible for the subject matter, in accordance with 19 C.F.R. § 177.12(c)(1)(i)(B); and (3) the aforementioned determinations have been consistently applied on a national basis, for well over two years prior to Plaintiff's claim of treatment, thereby satisfying section 177.12's last prong for establishing a claim of treatment. *See* 19 C.F.R. § 177.12(c)(1)(i)(C).

8

Specifically, on October 10, 2019, Customs approved Protest 2704-19-102919, ruling that *the same backpacking tent models* at issue here are classified under subheading 6306.22.1000, HTSUS.  Moreover, Plaintiff has also identified at least two (2) full examinations[6] of Plaintiff's subject merchandise, conducted before the protest approval; each followed by Customs finally liquidating Plaintiff's backpacking tents under subheading 6306.22.1000, HTSUS, as entered by Plaintiff.  Further, because examination information is in Customs' control, Plaintiff's propounded discovery in this case requests this information with specificity; and, given that Plaintiff imported its subject merchandise under subheading 6306.22.1000, HTSUS, for several years without a single contrary decision from Customs, Plaintiff has reason to believe discovery may well reveal additional examinations.[7]

Additionally, with respect to merchandise *substantially identical* to Plaintiff's subject merchandise, on October 25, 1999, Customs issued HQ 961995, finding proper classification under subheading 6306.22.1000, HTSUS.  To date, HQ 961995 is still in effect.  The guidelines for determining whether a tent is a "backpacking tent" for purposes of classification under subheading 6306.22.1000, HTSUS, are provided in Treasury Decision 86-163 (1986) ("T.D. 86-163").  Because there is no material distinction between Plaintiff's subject merchandise and the tents covered by HQ 961995, for purposes of the criteria set out in T.D. 86-163, Customs'

---

[6] Customs examinations are explicitly listed in section 177.12 as being "particularly" relevant for establishing a treatment claim.  *See* 19 C.F.R. § 177.12(c)(1)(ii) ("In particular, Customs will focus on the past transactions to determine whether there was an examination of the merchandise (where applicable) by Customs or the extent to which those transactions were otherwise reviewed by Customs to determine the proper application of the Customs laws and regulations.").

[7] In this respect, this Court, in its decision to grant Defendant's Partial Motion to Dismiss, noted that a treatment claim under section 1625(c)(2) cannot be established "without examination by Customs."  *See Under the Weather, LLC v. United States*, 728 F. Supp. 3d 1337, 1357 note 13, ECF No. 32 (Ct. Int'l Trade 2024).  As stated, given that Plaintiff has been able to identify at least two (2) such examinations, and because ongoing discovery might reasonably reveal additional examinations, which Plaintiff maintains cure the Court's concern.

determination in HQ 961995 also applies to Plaintiff's subject merchandise.  Furthermore, as the government is in control of this information, Plaintiffs' currently pending discovery requests might reveal additional instances where Customs has classified substantially identical merchandise under subheading 6306.22.1000, HTSUS, as backpacking tents.

Next, protest 2704-19-102919 was approved by a Supervisory Import Specialist within Customs' Center for Expertise and Excellence ("CEE")[8] for Apparel, Footwear & Textiles.  The Supervisory Import Specialist was responsible for reviewing and acting on protest 2704-19-102919.  *See* 19 C.F.R. § 174.29; .  Further, as stated above, the "treatment" regulation denotes Customs examinations as "particularly" relevant to establish a claim of treatment, so there can be no question as to the Customs officer's role in conducting such examinations for purposes of 19 C.F.R. § 177.12(c)(1)(i)(B); and HQ 961995 was issued by Customs' Office of Regulations and Rulings.[9]

Finally, the "treatment" claimed by Plaintiff in its proposed COUNT II has been consistently accorded by Customs on a national basis for far more than a 2-year period preceding Plaintiff's claim of treatment, as required under 19 C.F.R. § 177.12(c)(1)(i)(C).  This is because the subject merchandise has been consistently liquidated by Customs, where Customs actively

---

[8] Customs has established ten (10) such Centers of Excellence and Expertise which, pursuant to 19 C.F.R. § 101.1, are "national CBP offices that are responsible for performing certain trade functions and making certain determinations as set forth in particular regulatory provisions regarding importations by importers that are considered by CBP to be in the industry sector, regardless of the ports of entry at which the importations occur." 19 C.F.R. § 101.1. The Centers of Excellence and Expertise were developed to, among other things, promote the uniform application of trade law and policy across the many ports of entry. 19 U.S.C. § 4317. Additionally, they took over protest review authority from Customs employees working under local port directors. *See* 19 C.F.R. § 174.29; *see also Announcement of Test Providing Centralized Decision-Making Authority for Four CBP Centers of Excellence and Expertise*, 77 Fed. Reg. 52,048 (Aug. 28, 2012).

[9] Under "Customs Delegation Order No. 1 (Revision 1), T.D. 69-126 (34 FR 8208), as amended from time to time," the Commissioner has delegated to the Office of Regulations and Rulings the authority to rule on the classification of imported merchandise. 19 C.F.R. § 174.26(b)(1); *see also Assistant Commissioner of Customs, Office of Regulations and Rulings, et al.: Performance of Functions*, 34 Fed. Reg. 8,208 (May 27, 1969).

examined and approved the classification under subheading 6306.22.1000, HTSUS, since 2010 and until the issuance of the September 5, 2018 Notice of Action – with no contrary decision in this regard from any other Customs port or office.  Similarly, HQ 961995 of October 25, 1999, which covers merchandise substantially identical to Plaintiff's subject merchandise, remains in full effect as of this writing.

Plaintiff's proposed COUNT II thus sufficiently meets the "plausibility" standard that applies to pleadings made before the USCIT.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 556 (2007) (holding that a well-pleaded complaint states a claim for relief that is "plausible on its face" and it does not require detailed factual allegations, but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim for relief); *see also United States v. Greenlight Organic, Inc.*, 419 F. Supp. 3d 1298, 1306 (Ct. Int'l Trade 2019) ("Generally, courts should allow repleading if the complaint gives any indication that a valid claim might be stated.") (citing *A & D Auto Sales*, 748 F.3d at 1158).

III.    **There Is No Support in the Record for the Remaining *Foman* Factors Since This Is Plaintiff's First Attempt at Amending Its Pleading**

With respect to the remaining *Foman* factors, the record shows no evidence of bad faith, dilatory motive, or repeated failure to cure deficiencies through previous amendments.

This is Plaintiff's first attempt to amend its original complaint. The proposed amendment does not modify the main cause of action but instead adds an alternative claim for relief related to the existing case.  Hence, no evidence of a repeated failure to cure deficiencies or dilatory motives exists. *See United States v. Ho,* 582 F. Supp. 3d 1325, 1339 (Ct. Int'l Trade 2022) (citing *Foman,* 371 U.S. at 182); *see also Gutierrez v. Vergari*, 499 F. Supp. 1040, 1044 (S.D.N.Y. 1980) ("It is clear that a repeated failure to cure deficiencies in the complaint by amendments previously

11

allowed may provide a basis for the trial judge to exercise his or her discretion to deny a motion for leave to amend.").

**IV.   The Proposed Amendment Relates Back to the Original Complaint Because the Claims Asserted Therein Arise Out of the Same Customs Tariff Classification Decision Involving the Same Entries Made by Plaintiff**

Pursuant to USCIT Rule 15(c), an amendment relates back to the original pleading when "the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." USCIT R. 15(c)(1)(B). One purpose of Rule 15(c) is to ensure the original pleading gives defendant fair notice of the claim raised in the amendment. As explained by the U.S. Supreme Court:

> The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. (citation omitted) Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n. 3 (1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated on other grounds by *Bell Atlantic*, 550 U.S. 544, 560-563 (further citation omitted)).

As demonstrated in Section I, *supra*, the proposed COUNT II is directly related to the same transaction as Plaintiff's original pleading – namely, Customs' classification of Plaintiff's subject merchandise under HTSUS subheading 6306.22.9030.  Further, Defendant has been on notice regarding Plaintiff's challenge to Customs' classification of the subject merchandise since the filing of this action; then, through Plaintiff's original COUNT II, Defendant learned that Plaintiff is challenging Customs' classification of its subject merchandise as being conducted without observing the mandatory notice and comment procedure under section 1625(c).  Now, this Motion

12

seeks to assert an additional ground to support its notice and comment argument (and Plaintiff previously communicated its intent to plead such a treatment claim during the oral argument held by the Court in deciding Defendant's Partial Motion to Dismiss Plaintiff's Complaint).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to amend its Complaint.  Pursuant to Rule 15(c)(1)(B), the Court should clarify that the amendment relates back to the initial filing of the June 23, 2023 Complaint.

WHEREFORE, Plaintiff respectfully prays that its Motion be granted.

Respectfully submitted,

/s/ Heather Jacobson
Heather Jacobson
Alena A. Eckhardt

NAKACHI ECKHARDT & JACOBSON, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com
         eckhardt@tradelawcounsel.com

*Counsel for Plaintiff Under the Weather, LLC.*

Dated: January 30, 2025

13

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. TIMOTHY M. REIF, JUDGE**

| |
|---|
| **UNDER THE WEATHER, LLC,**<br><br>                                   **Plaintiff,**<br><br>    **v.**<br><br>**UNITED STATES,**<br><br>                                   **Defendant.** |

**Court No.    21-00211**

### WORD COUNT CERTIFICATE OF COMPLIANCE

Pursuant to the U.S. Court of International Trade's Standard Chambers Procedures 2(B)(1), the undersigned certify that this brief complies with the court limitation requirement.  The word count for Plaintiff Motion for Leave to File a First Amended Complaint, as computed by Nakachi Eckhardt & Jacobson's PC's word processing system (Microsoft Word), is 4,686 words.

Respectfully submitted,

/s/ Heather Jacobson
Heather Jacobson
Alena A. Eckhardt

NAKACHI ECKHARDT & JACOBSON, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com
           eckhardt@tradelawcounsel.com

*Counsel for Plaintiff Under the Weather, LLC.*

Dated: January 30, 2025