Slip Op. 25-41

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNDER THE WEATHER, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | Before: Timothy M. Reif, Judge <br><br> Court No. 21-00211 |

## OPINION AND ORDER

[Denying plaintiff's motion for leave to file an amended complaint.]

Dated: April 15, 2025

Heather L. Jacobson and Alena A. Eckhardt, Nakachi Eckhardt & Jacobson, P.C., of Seattle, WA, for plaintiff Under the Weather, LLC.

Luke Mathers, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant United States. With him on the brief were Yaakov M. Roth, Acting Assistant Attorney General, Patricia M. McCarthy, Director, Aimee Lee, Assistant Director and Justin R. Miller, Attorney-In-Charge. Of counsel on the brief were Yelena Slepak and Emma Tiner, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Reif, Judge: Before the court is the motion of plaintiff Under the Weather, LLC ("plaintiff") for leave to file an amended complaint. Plaintiff seeks to amend its complaint to add an amended Count Two, which asserts a claim for relief under section 625(c)(2)

of the Tariff Act of 1930, as amended, 19 U.S.C. § 1625(c)(2).[1] Defendant United States ("defendant") opposes the motion.

For the reasons discussed below, the court denies plaintiff's motion.

## BACKGROUND

Plaintiff is an importer of pop-up tents. Compl. ¶¶ 2, 6, ECF No. 17. On June 23, 2023, plaintiff filed its original complaint in this action, asserting two claims for relief. *Id.* ¶¶ 30-41. In Count One, plaintiff alleged that the classification of its tents in protest review decision HQ H311492 by U.S. Customs and Border Protection ("Customs") under subheading 6306.22.9030, Harmonized Tariff Schedule of the United States ("HTSUS"), was incorrect and that the tents are classifiable instead as "backpacking tents" under 6306.22.1000, HTSUS.[2] *Id.* ¶¶ 29-35. In Count Two, plaintiff asserted that Customs' classification in HQ H311492, issued without providing notice and comment, was prohibited by 19 U.S.C. § 1625(c)(1). *Id.* ¶¶ 37-38. Plaintiff alleged specifically that an earlier decision by Customs to approve plaintiff's protest with respect to an earlier entry of identical tents ("protest '919'") — and which resulted in the classification of plaintiff's tents under its desired subheading — was a "'prior decision' for purposes of § 1625(c)." *Id.* ¶ 40 (citing 19 U.S.C. § 1625(c)). According to plaintiff, the protest denial that gave rise to the instant action "effectively revoked" the prior protest approval

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2018 edition.

[2] HQ H311492 arose out of plaintiff's protest 2704-20-127807 ("protest '807'"). Pl.'s Mot. for Leave to File a First Am. Compl., Ex. A ("Proposed Am. Compl.") ¶¶ 29, 34, ECF No. 39.

"contrary to law without following the notice and comment requirements of 19 U.S.C. § 1625(c)." *Id.* ¶ 41.

On September 21, 2023, defendant filed its partial motion to dismiss, in which defendant requested that the court dismiss Count Two of plaintiff's complaint for failure to state a claim on which relief can be granted. Def.'s Partial Mot. Dismiss Pl.'s Compl., ECF No. 22. On July 25, 2024, the court held oral argument on defendant's motion. Oral Arg., ECF No. 30. During the argument, counsel for plaintiff raised for the first time an alternative theory for relief arising out of 19 U.S.C. § 1625(c)(2), which requires that Customs provide notice and comment procedures where "[a] proposed interpretive ruling or decision" would "have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions." 19 U.S.C. § 1625(c)(2); *see* Oral Arg. Tr. at 40:17-41:8, ECF No. 31.

On September 5, 2024, the court granted defendant's partial motion to dismiss. *Under the Weather, LLC v. United States* ("*Under the Weather I*"), 48 CIT __, __, 728 F. Supp. 3d 1337, 1341 (2024). In that decision, the court noted that plaintiff asserted for the first time at oral argument § 1625(c)(2) as an alternative basis for relief but that the original complaint "[did] not assert a cause of action under subsection (c)(2)" and that, even if it had, the facts as alleged in the complaint would not have supported such a claim. *Id.* at __, 728 F. Supp. 3d at 1357 n.13.

On September 19, 2024, defendant filed its answer to plaintiff's complaint, Answer, ECF No. 33, and on September 30, 2024, the court granted parties' joint proposed scheduling order. Scheduling Order, ECF No. 37. Under that order, fact discovery was scheduled to be completed on April 21, 2025. *Id.* On April 1, 2025, the

court granted plaintiff's consent motion to amend the scheduling order and extended by 60 days the deadline for fact discovery.  Order, ECF No. 47.

On January 30, 2025, plaintiff filed its motion for leave to amend its complaint.  Pl.'s Mot. for Leave to File a First Am. Compl. ("Pl. Br."), ECF No. 39; *see also* Proposed Am. Compl.  In the proposed amended complaint, plaintiff alleges that HQ H311492 modified or revoked without the required notice and comment a "treatment previously accorded" by Customs to substantially identical transactions.  Proposed Am. Compl. ¶¶ 41-53.  On March 6, 2025, defendant filed its response in opposition to plaintiff's motion.  Def.'s Resp. Opp'n Pl.'s Mot. for Leave to Amend ("Def. Br."), ECF No. 42.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over plaintiff's action pursuant to 28 U.S.C. § 1581(a).

USCIT Rule 15 governs "[a]mended and [s]upplemental [p]leadings."  Under USCIT Rule 15(a)(1), a party may amend its pleadings once as a matter of course "no later than" 21 days after serving the complaint, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  For all other amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  USCIT R. 15(a)(2).  The Rule specifies that "[t]he court should freely give leave when justice so requires."  *Id.*

"It is settled that the grant of leave to amend the pleadings . . . is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321,

330 (1971); *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990). The Supreme Court has stated in the context of Rule 15(a)(2)[3] that:

> If the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Intrepid*, 907 F.2d at 1128-29.

"If an amendment would not survive a motion to dismiss pursuant to USCIT Rule 12(b)(6), it is deemed futile." *United States v. Am. Cas. Co. of Reading Pa.*, 39 CIT __, __, 91 F. Supp. 3d 1324, 1334 (2015). To survive a motion to dismiss, plaintiff's proposed amended complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be plausible, the complaint need not show a probability of success, but it must evidence more than a mere possibility of a right to relief. *Id.*

---

[3] "Because the Court's rules are substantially the same as the Federal Rules of Civil Procedure (FRCP), this Court has found it appropriate to consider decisions and commentary on the FRCP for guidance in interpreting its own rules." *United States v. Ziegler Bolt & Parts Co.*, 19 CIT 507, 514, 883 F. Supp. 740, 747 (1995); *Chae v. Sec'y of the Treasury*, 45 CIT __, __, 518 F. Supp. 3d 1383, 1389 n.4 (2021).

## DISCUSSION

I. **Plaintiff's motion for leave to amend its complaint**

    A. **Legal framework**

19 U.S.C. § 1625(c)(2) requires that a "proposed interpretive ruling or decision" that would "have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions" be published on the Customs Bulletin.  The statute requires also that Customs give interested parties at least 30 days to comment "on the correctness of the proposed ruling or decision."  *Id.*

Customs regulations implementing § 1625(c)(2) elaborate on the requirements to establish the existence of a "treatment":

> (i) There must be evidence to establish that:
>
> > (A) There was an actual determination by a Customs officer regarding the facts and issues involved in the claimed treatment;
> >
> > (B) The Customs officer making the actual determination was responsible for the subject matter on which the determination was made; and
> >
> > (C) Over a 2-year period immediately preceding the claim of treatment, Customs consistently applied that determination on a national basis as reflected in liquidations of entries or reconciliations or other Customs actions with respect to all or substantially all of that person's Customs transactions involving materially identical facts and issues[.]

19 C.F.R. § 177.12(c)(1)(i).

Therefore, plaintiff must allege that "there [has] been 'an actual determination' based on an examination that particular items belonged under a particular classification, by an officer with responsibility for the subject matter under consideration, and that the

same determination [has] been made consistently over the preceding two years with respect to the importer's materially identical parts." *Motorola, Inc. v. United States*, 509 F.3d 1368, 1371-72 (Fed. Cir. 2007). The regulations provide also that in determining whether the requisite treatment occurred, "Customs will give no weight whatsoever to informal entries and to other entries or transactions which Customs, in the interest of commercial facilitation and accommodation, processes expeditiously and without examination or Customs officer review." 19 C.F.R. § 177.12(c)(1)(ii); *see Administrative Rulings*, 67 Fed. Reg. 53,483, 53,491 (Aug. 16, 2002) ("[I]n order for a person to be eligible for the protection afforded under 19 U.S.C. 1625(c)(2), that person must be able to make a showing that Customs took a conscious, intentional and knowledgeable action that created an impression that could give rise to an expectation as regards future action by Customs.").

### B. Analysis

The court addresses whether to grant plaintiff leave to file its amended complaint. Plaintiff argues that its motion is timely and will not prejudice defendant because the additional claim for relief arises out of "the same transactions and events as the original complaint." Pl. Br. at 5. On this point, plaintiff asserts that its "original COUNT II," under § 1625(c)(1) "provided Defendant with reasonable notice as to the claims now raised under Plaintiff's proposed COUNT II." *Id.* at 6. Plaintiff alleges in addition that its proposed amended complaint is not futile but instead alleges plausibly that Customs "consistently accorded" the claimed "treatment" on "a national basis for far more than the 2-year period preceding Plaintiff's claim of treatment, as required under 19 C.F.R. § 177.12(c)(1)(i)(C)." *Id.* at 10.

Defendant responds with two arguments. First, defendant asserts that plaintiff's motion is untimely and would prejudice defendant because plaintiff's "new claim concerns hundreds, if not thousands, of entirely different transactions—records and memories of which may no longer exist because Under the Weather never mentioned" its claim of treatment "in its protest." Def. Br. at 9. Second, defendant argues that plaintiff's motion for leave to amend is futile because the proposed amended complaint "fails to state a claim for treatment under 19 U.S.C. § 1625(c)(2)." *Id.* at 10. According to defendant, plaintiff's proposed amended complaint fails to allege the required elements to state a claim for relief under 19 C.F.R. § 177.12(c)(1)(i). *Id.* at 10-14.

The court concludes that plaintiff's proposed amended complaint was filed after undue delay and is futile. For those reasons, the court denies plaintiff's motion for leave to amend its complaint.

### 1. Undue delay

The court considers first whether plaintiff's proposed amended complaint was untimely.

"[T]he grant of leave to amend the pleadings . . . is within the discretion of the trial court." *Zenith Radio Corp.*, 401 U.S. at 330. "[D]elay alone, even without a demonstration of prejudice, has . . . been sufficient grounds to deny amendment of pleadings." *Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1364 (Fed. Cir. 2013) (quoting *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991)); *All One God Faith, Inc. v. United States*, 46 CIT __, __, 581 F. Supp. 3d 1344, 1348 (2022) (stating that "undue delay, taken alone, is sufficient basis for the court to deny" a motion to amend (citing *Intrepid*, 907 F.2d at 1128)).

The proposed amended complaint was filed only after undue delay.  Plaintiff's proposed amended complaint raises a new theory for relief under § 1625(c)(2) and includes the additional factual allegation of two "full examinations" of plaintiff's merchandise in 2015.  Proposed Am. Compl. ¶¶ 13, 48.  However, this information did not come to light through discovery in the instant case.  Def. Br. at 3; *see id.*, Ex. 1.  Plaintiff now seeks to amend its complaint to add additional factual allegations — of which plaintiff appears to have been aware all along — five years after filing its protest, 19 months after filing its original complaint, seven months after oral argument in which plaintiff asserted for the first time a right to relief under § 1625(c)(2), five months after this court dismissed plaintiff's claim under § 1625(c)(1) and two months before the original deadline for fact discovery.  *See* USCIT Rule 73.1 Filing, ECF No. 7-1; Pl. Br., Ex. 2 (HQ H311492 (Oct. 30, 2020)); Summons, ECF No. 1; Am. Summons, ECF No. 14; *see generally* Compl.  Plaintiff offers no justification or excuse for its delay, and the court considers this undue delay a sufficient basis on its own to deny the instant motion.  *See All One God Faith*, 46 CIT at __, 581 F. Supp. 3d at 1348 (stating that a motion to amend was untimely where it was filed more than six months after a motion to dismiss); *see also DW Volbleu, LLC v. Honda Aircraft Co.*, 2024 WL 169569, at *2-3 (E.D. Tex. Jan. 16, 2024) (denying motion for leave to amend filed 14 months after original complaint to add new theory based on same underlying facts and after parties completed four months of discovery).

In addition to plaintiff's undue delay in filing its proposed amended complaint, it would also prejudice defendant.  Plaintiff's proposed amended complaint would expand significantly the scope of fact discovery and require defendant to unearth decades-worth

of entries and internal communications previously not at issue.  *See, e.g.*, Def. Br., Ex. 1 at 8 (requesting that defendant "identify all entries of pop-up tents" for "the period between August 5, 1986 and October 30, 2020").  "It is clear that, 'if the amendment [to a pleading] substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial.'"  *Cencast Servs.*, 729 F.3d at 1364 (alteration in original) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (Apr. 2013)).  This consequence also weighs in favor of denying plaintiff's motion.  *Id.* (affirming lower court's decision to deny leave to amend so that plaintiff could add new legal theory that would require "burdensome" additional discovery).

Accordingly, plaintiff seeks to file its proposed amended complaint only after undue and unexplained delay, which would result in prejudice to defendant were the court to grant plaintiff's motion.  As a consequence, the court denies the motion.

### 2. Futility

The court addresses next whether plaintiff's proposed amended complaint is futile.  As stated, "to be eligible for the protection afforded under 19 U.S.C. § 1625(c)(2), [a] person must be able to make a showing that Customs took a conscious, intentional and knowledgeable action that created an impression that could give rise to an expectation as regards future action by Customs."  *Administrative Rulings*, 67 Fed. Reg. at 53,491.

Plaintiff asserts that it has alleged in its proposed amended complaint sufficient factual allegations to support plaintiff's claim that HQ H311492 "would have the effect of

modifying the treatment previously accorded by Customs to substantially identical transactions." Pl. Br. at 7-11; see 19 U.S.C. § 1625(c)(2). Plaintiff's proposed amended complaint raises three core factual allegations that plaintiff argues allege plausibly the existence of a "treatment previously accorded" by Customs to plaintiff's merchandise.

First, plaintiff alleges that the October 2019 approval of protest '919 was an "actual determination" on which plaintiff may rely to establish its claim of treatment. Proposed Amended Compl. ¶ 45. Second, plaintiff alleges that "on or around August 15, 2015," and "on or around December 15, 2015," Customs "conducted at least two (2) full examinations of Plaintiff's shipments" that were classified under subheading 6306.22.1000, HTSUS, and that after each examination, "the subject pop-up backpacking tents were liquidated as entered." Id. ¶ 48. Third, plaintiff argues that its subject merchandise "has been consistently liquidated by Customs under subheading 6306.22.1000, HTSUS, since 2010 and until the issuance of the September 5, 2018" Notice of Action Taken, wherein Customs classified plaintiff's merchandise under 6306.22.9030, HTSUS. Id. ¶ 52.

The court concludes that plaintiff has not alleged plausibly the existence of a "treatment previously accorded," 19 U.S.C. § 1625(c)(2), and for that reason, plaintiff's proposed amended complaint would not survive a motion to dismiss for failure to state a claim pursuant to USCIT Rule 12(b)(6). As a consequence, the proposed amended complaint would be futile.

To start, plaintiff's reliance on Customs' approval of protest '919 to establish the alleged treatment is without merit. Customs approved protest '919 on October 10, 2019, which was *after* the relevant two-year period under § 177.12(c)(1)(i). Proposed

Am. Compl. ¶ 18.  In plaintiff's proposed amended complaint, plaintiff notes correctly that "[w]here the claim of treatment is the filing of a protest, 'the two years immediately preceding Plaintiff's claim of treatment are the two years immediately preceding its earliest affected entry (*i.e.*, the first entry that does not receive the anticipated, relied upon treatment).'"  Id. ¶ 51 (quoting *Am. Fiber & Finishing, Inc. v. United States*, 39 CIT __, __, 121 F. Supp. 3d 1273, 1287 (2015)).  So, as plaintiff alleges, "[t]he first entry covered by [protest '807] was . . . made on December 24, 2018."  Id.  As a result, the relevant two-year period "immediately preceding the claim of treatment" ran from December 24, 2016, through December 24, 2018 — *prior to* the approval of protest '919.  19 C.F.R. § 177.12(c)(1)(i)(C); Proposed Amended Compl. ¶ 51.  In short, plaintiff could not have relied on the approval of protest '919 when plaintiff began importing under its desired tariff subheading the entries relevant to the instant action because Customs had not yet issued the approval of protest '919.

Plaintiff's reliance on the two alleged "full examinations" of its merchandise fails as well.  Plaintiff alleges that the examinations occurred in August and December 2015, and that "[a]fter each examination, the subject pop-up backpacking tents were liquidated as entered under subheading 6306.22.1000."  Proposed Am. Compl. ¶¶ 13, 48.  However, plaintiff alleges neither that the examinations concerned the classification of plaintiff's merchandise nor that the examinations were made by a customs officer "responsible for" the classification of plaintiff's merchandise.  Id.; see *Motorola, Inc.*, 509 F.3d at 1371-72; 19 C.F.R. § 177.12(c)(1)(i)(A)-(B).  And Customs examines entries routinely for purposes other than classification, such as for admissibility or for security purposes.  See 19 C.F.R. 177.12(c)(1)(iii)(B) (stating that Customs will not find that a

treatment was accorded to a person's transactions if the issue in question involves the admissibility of merchandise); *Kahrs Int'l, Inc. v. United States*, 33 CIT 1316, 1357-61, 1365, 645 F. Supp. 2d 1251, 1288-92, 1295 (2009) (concluding that "cargo examinations . . . revealed to have been security or selectivity examinations" and "where no binding classification determinations were made" could not establish a claim of treatment based on classification). As a consequence, plaintiff has failed to allege "more than a sheer possibility that [Customs] has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also* HQ H193956 (Sept. 9, 2015) (rejecting a claim of treatment previously accorded where importer failed to show that customs inspection was for purposes of classification). For this reason also, plaintiff's proposed amended complaint does not allege plausibly the existence of a treatment under § 1625(c)(2). *See Iqbal*, 556 U.S. at 678.

Finally, plaintiff asserts that it imported its tents under its desired tariff subheading from 2010 to 2018. Proposed Am. Compl. ¶ 52. However, as this Court and the Federal Circuit have held repeatedly, "[t]he touchstone of the treatment previously accorded inquiry is the consistency of *Customs* decisions with respect to the subject merchandise." *Kent Int'l, Inc. v. United States*, 17 F.4th 1104, 1109 (Fed. Cir. 2021) (rejecting the argument that Customs should "consider 'liquidations' generally" in determining whether Customs applied the determination consistently); *see Under the Weather I*, 48 CIT at __, 728 F. Supp. 3d at 1357 n.13; 19 C.F.R. § 177.12(c)(1)(ii). As described above, plaintiff does not allege plausibly in the proposed amended complaint

that any entries were subject to "actual determinations" by Customs for the purposes of classification.  19 C.F.R. § 177.12(c)(1)(i)(A); *see* Proposed Am. Compl. ¶ 12.[4]

In sum, plaintiff's proposed amended complaint would not survive a motion to dismiss for failure to state a claim.  As a consequence, the proposed amended complaint would be futile.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file the proposed amended complaint is **DENIED**.

/s/     Timothy M. Reif
Timothy M. Reif, Judge

Dated:     April 15, 2025
            New York, New York

---

[4] Plaintiff relies also on HQ 961995 (Oct. 25, 1999), a Customs ruling that plaintiff alleges "covers tents substantially identical to Plaintiff's subject merchandise." Proposed Amended Compl. ¶ 52.  However, as defendant notes, HQ 961995 was a Customs ruling letter subject to the modification or revocation requirements under 19 U.S.C. § 1625(c)(1).  Def. Br. at 13.  As the Federal Circuit has held, ruling letters "are prior interpretive rulings *governed by subsection (c)(1)*, which bind Customs 'only with respect to the items identified in the [ruling letters] and not any other merchandise, even if [the other merchandise] is substantially identical.'"  *Motorola, Inc. v. United States*, 509 F.3d 1368, 1372 (Fed. Cir. 2007) (second alteration in original) (emphasis supplied) (quoting *Motorola, Inc. v. United States*, 436 F.3d 1357, 1364 (Fed. Cir. 2006)).  As a result, even assuming that HQ 961995 addressed "substantially identical" merchandise, plaintiff may not rely on HQ 961995 to establish an "actual determination" under 19 C.F.R. § 177.12(c)(1)(i).  *See also* 19 C.F.R. § 177.9(b)(2) (stating that "[t]ariff classification rulings . . . will be applied only with respect to transactions involving articles *identical to* the sample submitted with the ruling request" (emphasis supplied)).